444 A.2d 170

**COMMONWEALTH of Pennsylvania**

v.

**George L. CORSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1982.

Filed April 12, 1982.

Petition for Allowance of Appeal Denied
Sept. 27, 1982.

Robert D. Gleason, Johnstown, for appellant.

Dennis M. McGlynn, Assistant District Attorney, Ebensburg, for Commonwealth, appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

POPOVICH, Judge:

The appellant, George L. Corson, Jr., entered a plea of guilty to third degree murder before Judge Eugene Creany in the Court of Common Pleas of Cambria County. On February 10, 1981, appellant was committed to the Western Correctional, Diagnostic and Classification Center located at the State Correctional Institution, Pittsburgh, Pa., for a term of not less than 10 years nor more than 20 years. Thereafter, on March 10, 1981, appellant filed an appeal to this Court from the judgment of sentence. Pa.R.App.P. 903(a). We affirm.

Before deciding the merits of appellant's claim attendant to the original sentence imposed, we find it necessary to discuss the assertion in appellant's brief, which is not disputed by the Commonwealth, that the instant appeal is also from the lower court's order denying appellant's "Motion To Modify Sentence." To start with, our perusal of the record indicates *no* notice of appeal being filed from the order denying said Motion.

■ Even if, *arguendo*, we were to agree that such appeal was perfected by the accused, it would have to be dismissed.[1] To explicate, prior to the appeal from the judgment of sentence, appellant submitted, on February 20, 1981, a timely motion to modify the sentence. Pa.R.Crim.P. 1410. Pursuant thereto, the lower court issued an order dated February 23, 1981 that, *inter alia*, "[a] hearing on the merits of [appellant's] Petition [Motion] shall be heard on the 11th day of March, 1981 . . . ." (Record No. 33) From an order dated March 11, we learn that the matter of the modifica-

---

1. We observe that the dismissal of this portion of the appeal is not prejudicial to appellant's case, for the issues raised therein are the same as those posed in his appeal from the judgment of sentence, *which we are addressing.* (*See* Appellant's Brief at 4 & 5) Also, we mention for edification purposes that Pa.R.App.P. 1701(b)(3) was adopted to afford "a party seeking reconsideration to file an application for reconsideration below and a notice of appeal[.]" *See Note* to Rule 1701. However, it was not intended that *both* actions would be reviewed on appeal; rather, depending upon the circumstances of the case, *only one* action would survive. *See Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 378 A.2d 893 (1977).

tion of sentence was heard, but that the lower court made no "dispos[ition] of this motion." (Record No. 35) Rather, another proceeding ("hearing") was conducted on July 7, 1981, at which time counsel for appellant argued in favor of having the sentence reduced. On August 26, 1981, the lower court issued an order, accompanied by an Opinion, denying appellant's Motion.

It cannot be discounted that the lower court *did not* vacate the prior judgment of sentence, either in connection with granting the motion for modification or in order to have additional time within which to consider the motion. Such procedure would have had the same effect as an express order granting reconsideration under Pa.R.App.P. 1701.[2] *See Comment* to Pa.R.Crim.P. 1410. Hence, the 30-day period for appeal ran continuously. *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 79, 393 A.2d 1020, 1021 (1978). As a result, the sentencing court had only 30 days from the imposition of sentence within which to act to modify the sentence. *See Comment* to Pa.R.Crim.P. 1410; *see also* 42 Pa.C.S.A. § 5505 (Pamphlet, 1980); Pa.R.App.P. 1701. Consequently, the lower court *did not* have jurisdiction over the case so as to conduct a hearing (on July 7, 1981) regarding the merits of appellant's motion for modification of sentence some four and one-half (4½) months after the Motion was filed (on February 20, 1981). *Ibid.* Ergo, appellant's March 10, 1981 notice of appeal was not rendered inoperative. *See, e.g., Commonwealth v. Dorman*, 272 Pa. Super. 149, 151 n. 2, 414 A.2d 713, 715 n. 2 (1979); *Comment* to Pa.R.Crim.P. 1410; Pa.R.App.P. 1701(b)(3). Therefore,

---

2. We note that pursuant to Pa.R.App.P. 1701, unlike Pa.R.Crim.P. 1410, the lower court's granting of a reconsideration motion tolls the appeal period, in addition to rendering inoperative a notice of appeal filed concerning the order for which reconsideration has been granted. *See Penjerdel Refrigeration Corp., Inc. v. R.A.C.S., Inc.,* 296 Pa.Super. 62, 442 A.2d 296 (1982).

In order to cause a notice of appeal from a judgment of sentence to be rendered inoperative under Rule 1410, the lower court, which also considers a motion to modify the sentence, *is required to vacate the sentence within thirty days of the date judgment is entered.* Otherwise, the lower court loses jurisdiction over the matter. *See Comment* to Pa.R.Crim.P. 1410.

since there is no evidence of record that an appeal was filed from the August 26, 1981 order, we dismiss that portion of appellant's case and treat the instant appeal as one taken solely from the judgment of sentence.[3] *See generally Commonwealth v. Lee*, 278 Pa.Super. 609, 420 A.2d 708 (1980).

Appellant's appeal centers around the argument that the lower court, in imposing sentence, "did not fulfill the requirements of *Com[monwealth] v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977)" and acted arbitrarily and capriciously. We disagree.

 It is well settled that the imposition of a proper sentence is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978). Of course, the sentence must be within the statutory limits, *see* 18 Pa.C.S.A. §§ 1103 & 2502(c) (Supp.1981–82), and should require confinement that is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b) (Pamphlet, 1980); *Commonwealth v. Andrews*, 282 Pa.Super. 115, 422 A.2d 855 (1980). If the sentence issued is within the statutory limits, as is the case here, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Hill*, 453 Pa. 349, 310 A.2d 88 (1973).

At the hearing, appellant's counsel conceded that his client's plea to the stabbing death of a cab driver, perpetrated during the course of a robbery, was "a serious matter and that the court ha[d] been in receipt of a great abundance of material, testimony and statements that g[a]ve the court a good background into the particulars of this offense." (N.T. 2/10/81 at 4) However, counsel urged the court to take the following factors into consideration, which a review of the record indicates it did, in determining what the sentence should be:

3. We hear this case pursuant to our powers as set forth in 42 Pa.C.S.A. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas . . . .").

1) the psychiatric or psychological background of the defendant (he suffers from a schizoid personality defect which was exacerbated by a continuous pattern of alcohol and drug abuse);

2) the age of the defendant (he was 21 at the time of sentencing); and

3) the defendant "exhibit[ed] remorse and regret" for the tragedy that occurred.

When the accused was afforded the opportunity to speak, he echoed his attorney's sentiments.

In determining the length of sentence, the trial judge did not look solely to the nature of the criminal act. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). Quite the contrary, in compliance with Pennsylvania's individualized sentencing system, *Commonwealth v. Riggins, supra,* the judge considered the particular circumstances of the offense, the accused's age, education, history of drug and alcohol abuse, *see Commonwealth v. Moody,* 476 Pa. 223, 382 A.2d 442 (1977) *cert. denied,* 483 U.S. 914, 98 S.Ct. 3143, 57 L.Ed.2d 1160 (1978); *Commonwealth v. Taranow,* 359 Pa. 342, 59 A.2d 53 (1948); *Commonwealth v. Ziomek,* 291 Pa. Super. 251, 435 A.2d 894 (1981), and the pre-sentence report. *See Commonwealth v. Gillespie,* 290 Pa.Super. 336, 434 A.2d 781 (1981). Moreover, the judge's reasons for the sentence imposed were adequately stated on the record. (N.T. 2/10/81 at 11-13); *see Commonwealth v. Riggins, supra.* In fact, the reasons given reveal an appreciation by the sentencing judge of appellant's "serious past history of psychiatric and emotional disturbance," which, if not treated by total confinement in a correctional institution, would expose the appellant "to the possibility of committing another crime." (N.T. 2/10/81 at 12) Therefore, we are unable to conclude, as appellant would have us do, that the sentence is manifestly excessive or that it "is arbitrary, capricious and violates due process consideration of the United States Constitution, as well as similar provisions of the Pennsylvania Constitution." (Appellant's Brief at 7)

Judgment of sentence is affirmed.