477 A.2d 1342

**COMMONWEALTH of Pennsylvania**

v.

**Tyrone GORDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1983.

Filed May 11, 1984.

44

46

Jacqueline M. Roberts, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and MONTEMURO, JJ.

SPAETH, President Judge:

This is an appeal from judgments of sentence for criminal conspiracy, burglary, and criminal trespass. Appellant argues that the evidence was insufficient; that his trial counsel was ineffective for failing to move to have his case severed from his co-defendant's case; and that his sentences were excessive. The first two arguments are without merit. On the third argument: We vacate the sentence for criminal trespass because the trespass merges with the burglary. We affirm the sentence for burglary. The trial court attempted to modify the sentence for criminal conspiracy, but by the time it made the attempt, it had lost jurisdiction. We therefore modify the sentence ourselves, so that it will be as the trial court intended.

48

Before we can consider appellant's arguments, we must resolve a procedural difficulty.

On July 20, 1981, following a non-jury trial, appellant was found guilty of criminal conspiracy, burglary, and criminal trespass. On December 2, 1981, after denying post-verdict motions, the trial court sentenced appellant to four to ten years in prison for criminal conspiracy, with concurrent sentences of ten years probation for burglary and criminal trespass. Appellant filed a timely motion for reconsideration of the sentence, and, on December 29, 1981, filed an appeal; this is Appeal No. 3331 Phila.1981. The trial court did not hear the motion for reconsideration until March 31, 1982, when it modified the sentence for criminal conspiracy from four to ten years in prison to three to ten years; it reimposed the concurrent sentences of ten years probation for burglary and criminal trespass.

In response to the modified sentence, counsel for appellant took two actions. First, on April 5, 1982, counsel withdrew the appeal from the original sentence. Second, on April 27, 1982, counsel filed an appeal from the modified sentence; this is Appeal No. 1288 Philadelphia 1982.

The general rule regarding a trial court's power to modify a sentence is that

except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505 (1981).

■ If an appeal has been taken, then the general rule is that the trial court has no jurisdiction to modify its sentence. Pa.R.App.P. 1701(a). However, Pa.R.App.P. 1701(b)(3) contains an exception to this general rule: even after a defendant takes an appeal, the court may reconsider its sentence provided two conditions are satisfied. First, the defendant must file a motion for reconsideration of sentence "within the time provided or prescribed by law."

Pa.R.App.P. 1701(b)(3)(i). The time "prescribed by law" for filing of a motion to modify a sentence is "within ten days of sentence." Pa.R.Crim.P. 1410. Second, the trial court must issue "an order expressly granting reconsideration" of its sentence "within the time prescribed by these rules for the filing of a notice of appeal." Pa.R.App.P. 1701(b)(3)(ii). The time "for the filing of a notice of appeal" is within 30 days of sentence. Pa.R.App.P. 903.

It is important to note that the trial court must "expressly grant reconsideration" within 30 days of sentence; an order that "all proceedings shall stay" will not suffice. Comment, Pa.R.App.P. 1701. In addition, while Pa.R. App.P. 1701(b)(3) requires only that the trial court issue an order "expressly granting" reconsideration, the trial court does have the power to vacate a sentence within 30 days. Thus, the soundest procedure for the trial court to follow, and the procedure that will avoid the sort of difficulty that has occurred in this case, is to vacate the sentence when granting reconsideration. *See, Commonwealth v. Thomas,* 301 Pa.Super. 333, 335–36, 447 A.2d 994, 995 (1982); *Commonwealth v. Corson,* 298 Pa.Super. 51, 55 n. 2, 444 A.2d 170, 172 n. 2 (1982).

Here, the first condition of Pa.R.App.P. 1701(b)(3) was satisfied, but the second was not: appellant filed a motion for reconsideration of the sentence within ten days of the sentence, but the trial court failed to issue an order expressly granting reconsideration of the sentence, instead only scheduling a hearing on the motion for reconsideration, and making no attempt to modify the sentence for more than three months.

We have consistently held that the trial court lacks jurisdiction to modify a sentence once the 30 day period for filing an appeal has passed. *Commonwealth v. Lynch,* 304 Pa.Super. 248, 450 A.2d 664 (1982); *Commonwealth v. Corson,* 298 Pa.Super. 51, 444 A.2d 170 (1982); *Commonwealth v. Canady,* 297 Pa.Super. 292, 443 A.2d 843 (1982). In *Lynch,* for example, the trial judge sentenced the defendant, and the defendant filed a timely appeal. Four and

one-half months later, the trial judge vacated the sentence and imposed a more lenient sentence. Both the Commonwealth and the defendant filed timely appeals from the "New Sentence." This court, citing 42 Pa.C.S. § 5505, held that the trial court's attempt to modify the sentence was a nullity, "both because the appeal had already been taken and because more than 30 days had passed since entry of the original sentence." *Commonwealth v. Lynch*, 304 Pa. Super. 248, 251, 450 A.2d 664, 666 (1982). We therefore vacated the "New Sentence" and dismissed both the Commonwealth's and the defendant's appeal from that sentence.

We noted in *Lynch* that the defendant was in no way prejudiced by our dismissal of his appeal from the "New Sentence," because his appeal from the original sentence remained operative. *Id.*, 304 Pa.Superior Ct. at 248 n. 1, 450 A.2d at 666 n. 1. Here, in contrast, if we acted in a similar manner, appellant would be prejudiced. Presumably because he believed that the trial court's untimely attempt to modify the sentence was valid, counsel for appellant withdrew the appeal from the original sentence and filed an appeal from the new sentence. Thus, if we were to vacate the new sentence and dismiss the appeal from that sentence, as we did in *Lynch*, we should not have an operative appeal before us.

Furthermore, to act as we did in *Lynch* would be a waste of judicial resources. Counsel had no reasonable basis for withdrawing the appeal from the original sentence. *See, Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Appellant could therefore file a claim pursuant to the Post Conviction Hearing Act, alleging ineffective assistance of counsel, and eventually this case would again be before us.

We shall therefore take the following procedural steps. First, we vacate the trial court's invalid sentence of March 31, 1982, and dismiss appellant's appeal from that sentence (Appeal No. 1288 Philadelphia 1982). The effect of this action is to reinstate the original sentence of December 2, 1981. Second, we reinstate appellant's appeal from the

December 2, 1981, sentence (Appeal No. 3331 Philadelphia 1981). We can now consider appellant's several arguments challenging that sentence.

–1–

Appellant was tried with a co-defendant, Charles McDowell. The Commonwealth's only witness was Al Zikowitz, a security guard for the Philadelphia School Board. Mr. Zikowitz testified as follows. On November 11, 1980, a school holiday, at approximately 6:15 p.m., he was notified of a possible break-in at the Rhodes Middle School. N.T. 17. He entered the school and discovered appellant and the co-defendant inside Instrument Room No. 4, on the second floor of the school. Appellant was removing musical instruments from a closet and piling them on the floor, and the co-defendant was standing on the other side of the room, also piling instruments on the floor. N.T. 19–20. Mr. Zikowitz apprehended appellant and the co-defendant and handed them over to the police outside of the school. He then re-examined the premises. Certain plywood boards, which had been used to board up a previously broken window, had been removed from that window. N.T. 41. A metal gate in front of the broken window had been pulled away from the ground, leaving enough room for a man to crawl under. N.T. 25. A door that connected an alcove near the window to a main hallway had been opened; the opening of this door had triggered a silent alarm. N.T. 25, 26. The lock on the door to the instrument room had been broken, and several locks on closet doors inside the room had been broken off of the doors. N.T. 51–52.

The only witness for the defense was the co-defendant. He testified that he and appellant had been walking through the schoolyard when Mr. Zikowitz came out of the school and apprehended them. N.T. 60–63. After the co-defendant's testimony, counsel for appellant and the district attorney stipulated that appellant's testimony would be cumulative, and appellant did not testify.

52

Appellant argues that this evidence was insufficient to support a verdict of guilty on any of the charges. This argument is without merit.

In testing the sufficiency of the evidence, we accept as true all evidence upon which the finder of fact could properly base the verdict, giving the Commonwealth the benefit of all reasonable inferences from the evidence, *Commonwealth v. Madison*, 263 Pa.Super. 206, 210, 397 A.2d 818, 820 (1979), and then ask whether, so viewed, the evidence was sufficient to prove guilt beyond a reasonable doubt, *Commonwealth v. Peterson*, 251 Pa.Super. 462, 468, 380 A.2d 872, 875 (1977). Although a guilty verdict may not be based on "suspicion or surmise," *Commonwealth v. Vitacolonna*, 297 Pa.Super. 284, 443 A.2d 838 (1982), the Commonwealth may rely on circumstantial evidence to prove its case, *Commonwealth v. Madison*, 263 Pa.Super. 206, 210, 397 A.2d 818, 820 (1979).

Appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that he and the co-defendant had entered into a "common agreement or understanding," the existence of which is an essential element of the crime of conspiracy. 18 Pa.C.S. § 903 (1983); *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976). The existence of a common agreement may be inferred from the evidence of the circumstances surrounding the allegedly conspiratorial activities, *Commonwealth v. Tumminello*, 292 Pa.Super. 381, 437 A.2d 435 (1981); *see also, Commonwealth v. Mitchell*, 270 Pa.Super. 146, 411 A.2d 221 (1979) (Spaeth, J., concurring in part, dissenting in part), and from the relationship between and the conduct of the parties, *Commonwealth v. Sadusky*, 484 Pa. 388, 392, 399 A.2d 347, 349 (1979). Appellant claims that to prove the existence of an agreement in this case, the evidence would have had to show, for example, that he was handing the instruments to the co-defendant. However, while evidence of mere presence together at the scene of the crime is insufficient to establish the existence of a criminal conspiracy, *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975); *Com-*

*monwealth v. Holman,* 237 Pa.Super. 291, 352 A.2d 159 (1975), if the defendant is not only present at the scene but is also identified as one of the perpetrators of the crime, the finder of fact may conclude that a criminal agreement existed, *Commonwealth v. Johnson,* 265 Pa.Super. 418, 421, 402 A.2d 507, 509 (1979). Here, the security guard found appellant and the co-defendant together in the instrument room of the school, after 6:00 p.m., on a school holiday, each with a pile of musical instruments in front of him. This evidence was more than sufficient to support an inference beyond a reasonable doubt that the two men had entered into a common agreement.

Appellant also argues that the Commonwealth failed to prove an overt act, which is a necessary element of the crime of criminal conspiracy. *See,* 18 Pa.C.S. § 903(e) (1983). The Commonwealth proved several overt acts: the removal of the plywood boards; the bending back of the gate in front of the window; and the breaking of the lock on the instrument room door.

Appellant also argues that the evidence was insufficient to prove burglary. A person is guilty of burglary if "... he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. § 3502 (1983). Appellant claims that there was no proof of entry because according to the Commonwealth's evidence the plywood could have been removed either several hours before or forty minutes after the security guard arrived at the school. However, proof of entry does not require proof of a breaking-in; it is sufficient to prove that any part of the body of the intruder entered the premises. *Commonwealth v. Rhodes,* 272 Pa. Super. 546, 557, 416 A.2d 1031, 1037 (1979). Here, appellant was apprehended inside the school. *See also, Commonwealth v. Morgan,* 265 Pa.Super. 225, 401 A.2d 1182 (1979) (fact that hole in screen door could have been made earlier in day goes to weight not sufficiency of the evidence).

 Appellant also argues that since he did not take the stand, there was no proof that he entered the school with the intent to commit a crime. Intent, however, may be proved by circumstantial evidence. *Commonwealth v. Franklin*, 306 Pa.Super. 422, 452 A.2d 797 (1982); *Commonwealth v. Gonzales*, 297 Pa.Super. 66, 73, 443 A.2d 301, 304–05 (1982). In *Franklin*, for example, a police officer discovered the defendant and two others inside a showroom at night, with the defendant holding merchandise from the showroom. We held this evidence sufficient to prove that the defendant had entered the building with the intent to commit a crime. Similarly, appellant was discovered inside a building, without permission, at night, holding property that did not belong to him. Furthermore, this court has held that evidence of entry by force may be sufficient to establish the criminal intent of the intruder. *Commonwealth v. Tingle*, 275 Pa.Super. 489, 495, 419 A.2d 6, 9 (1980); *Commonwealth v. Lynch*, 227 Pa.Super. 316, 319, 323 A.2d 808, 810 (1974). Here, there was evidence that appellant used force to enter the school, and the instrument room.

 Appellant also argues that the Commonwealth failed to prove that he and the co-defendant were not privileged to enter the school because Mr. Zikowitz was not qualified to testify as to permission. In similar circumstances, we have held to the contrary. *Commonwealth v. Tate*, 299 Pa.Super. 518, 445 A.2d 1250 (1982). In addition, lack of privilege may be proved from the surrounding circumstances. *Commonwealth v. Knight*, 276 Pa.Super. 348, 363–66, 419 A.2d 492, 499–501 (1980); *Commonwealth v. Herman*, 271 Pa.Super. 145, 151–52, 412 A.2d 617, 620 (1979). Here, lack of privilege could be inferred from the circumstances that appellant did not have permission to be in a locked school after 6:00 p.m. on a school holiday.

 Finally, appellant argues that the evidence was insufficient to prove criminal trespass, 18 Pa.C.S. § 3503 (1983), because it did not show that he knew that he lacked a license or privilege to enter the building. *Common-*

*wealth v. Carter,* 482 Pa. 274, 393 A.2d 660 (1978). The fact that he knew could be inferred from the evidence of the time and manner of his entry. *Commonwealth v. Golds-borough,* 284 Pa.Super. 435, 426 A.2d 126 (1981).

■ Appellant next argues that his trial counsel was ineffective for failing to move to have his case severed from his co-defendant's case. In considering this argument, we must determine whether the "particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Ford,* 491 Pa. 586, 590, 421 A.2d 1040, 1042 (1980); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 605, 235 A.2d 349, 352–53 (1967). We start by asking whether a motion to sever would have had arguable merit, for we will not find counsel ineffective for failing to pursue a course of action that had no arguable merit. *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 695–96 (1977). *See, Commonwealth v. Roach,* 479 Pa. 528, 530–31, 388 A.2d 1056, 1057 (1978); *Commonwealth v. White,* 476 Pa. 350, 357, 382 A.2d 1205, 1208–09 (1978).

■ The decision to sever or not is within the sound discretion of the trial judge, and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Tolassi,* 489 Pa. 41, 413 A.2d 1003 (1980). *See,* Pa.R. Crim.P. 228(d) (1974) (amended, 1982, see Pa.R.Crim.P. 1128). Where the defendants are charged in separate informations, as here, they may be tried together if they could have been charged in the same information. *Commonwealth v. Norman,* 272 Pa.Super. 300, 306, 415 A.2d 898, 900 (1979) (citing *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973)). "[T]wo or more defendants may be joined in the same information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses . . ." Pa.R.Crim.P. 228(b) (1974). Thus in *Norman,* we held that the trial judge did not abuse his discretion in ordering joinder where the co-defendants were charged with offenses arising from the same incident, and

56

proof of the offenses required substantially identical evidence as to each co-defendant. *See also, Commonwealth v. Guess,* 266 Pa.Super. 359, 376 n. 13, 404 A.2d 1330, 1338 n. 13 (1979); *Commonwealth v. Garcia,* 261 Pa.Super. 296, 396 A.2d 406 (1978). We have also stated that where conspiracy is alleged, the defendants should generally be tried together. *Commonwealth v. Schwartz,* 210 Pa.Super. 360, 233 A.2d 904 (1967), *aff'd,* 432 Pa. 522, 248 A.2d 506 (1968), *cert. denied,* 398 U.S. 957, 90 S.Ct. 2161, 26 L.Ed.2d 541 (1970); *Commonwealth v. Johnson,* 291 Pa.Super. 566, 436 A.2d 645 (1981); *Commonwealth v. Hirsch,* 225 Pa.Super. 494, 311 A.2d 679 (1973).

 Here, appellant and the co-defendant were charged with identical offenses. One of the offenses was criminal conspiracy. The charges arose from a single incident, and were based on the statement of a single witness, who allegedly caught appellant and the co-defendant red-handed. And the defense offered by appellant and the co-defendant was the same: they claimed that their version of the incident, not that of the security guard, was the correct one. Given these facts, appellant's trial counsel properly refrained from making a motion to sever; it had no arguable merit, and would have been denied by the trial judge.

 Nevertheless, appellant argues that he was prejudiced by a joint trial in that, he says, at a separate trial he could have called co-defendant as a corroborative witness. However, appellant does not claim that he would have testified differently at a separate trial. Furthermore, the co-defendant did in fact testify at the joint trial. We see no reason to suppose that the co-defendant's testimony would have been more persuasive at a separate trial.

–3–

Finally, appellant argues that his sentence was excessive; appellant claims that the trial court should have given more consideration to the "back time" that he probably will have to serve because he was convicted of new offenses while on parole. *See,* 61 P.S. § 331.21a(a) (1964).

 As a general rule, the imposition of a sentence is within the sound discretion of the sentencing court. *Commonwealth v. Giffin,* 279 Pa.Super. 264, 420 A.2d 1134 (1980); *Commonwealth v. Williams,* 274 Pa.Super. 464, 418 A.2d 499 (1980). Here, the sentence of five to ten years in prison was well within the limits prescribed by statute for conspiracy to commit burglary. *See,* 18 Pa.C.S. §§ 903, 1103, 3502 (1983). Before imposing sentence, the trial court obtained sufficient and accurate information: the court had before it both a presentencing report and a psychiatric evaluation, and it heard the sentencing recommendations of both the Commonwealth and of counsel for appellant. *See, Commonwealth v. Martin,* 466 Pa. 118, 131–32, 351 A.2d 650, 657 (1976); *Commonwealth v. Wareham,* 259 Pa.Super. 527, 393 A.2d 951 (1978). The court expressly considered the circumstances of the crime and appellant's history, character and condition, including the fact that appellant was likely to receive back time. *See,* 42 Pa.C.S. § 9725 (1982). And finally, the court stated on the record the reasons for the sentence. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); Pa.R.Crim.P. 1405(b). While the better procedure is to refer expressly to the guidelines specified in the Sentencing Code, we will not disturb the sentence where the record of the sentencing proceeding shows, as it does here, that the trial court followed the guidelines. *See, Commonwealth v. Wareham, supra.*

 Nevertheless, we recognize that on appellant's motion for reconsideration the trial court attempted to modify its sentence on the criminal conspiracy conviction from four to ten years in prison to three to ten years, and that the court failed in its attempt only because it did not act in the procedurally required manner. In these circumstances, out of deference to the trial court's reconsidered judgment of what the proper sentence was, we shall ourselves modify the sentence so that it will be as the court intended.

 We also note that it was improper for the trial court to impose separate sentences on the burglary and criminal trespass convictions. Those convictions merged for the

58

purposes of sentencing because in practical effect appellant committed but one criminal act: the unlawful entry. *Commonwealth v. Smith*, 499 Pa. 507, 454 A.2d 1 (1982); *Commonwealth v. Casella*, 312 Pa.Super. 375, 458 A.2d 1007, 1009 (1983). However, since it is clear that the sentence for criminal conspiracy did not affect the sentence for burglary, we need not remand but will instead vacate the sentence imposed for criminal trespass as the lesser crime. *Id.*

On Appeal No. 1288 Philadelphia 1982: the judgment of sentence of March 31, 1982, is vacated and the appeal is dismissed. On Appeal No. 3331 Philadelphia 1981: the appeal is reinstated; the judgment of sentence of December 2, 1981, for criminal conspiracy is modified from a sentence of four to ten years in prison to a sentence of three to ten years in prison; the judgment of sentence of December 2, 1981, of ten years probation for burglary is affirmed; and the judgment of sentence of December 2, 1981, of ten years probation for criminal trespass is vacated.

WIEAND, J., concurs in the result.