### 534 A.2d 862

Zoning Board of Adjustment of the City of Philadelphia and City of Philadelphia and Ashton Square Civic Association, Appellants *v.* Willits Woods Associates, Appellee.

Willits Woods Associates, Appellant *v.* Zoning Board of Adjustment of the City of Philadelphia and City of Philadelphia and Ashton Square Civic Association, Appellees.

Argued September 18, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Carl Oxholm, III,* for appellant/appellee, Zoning Board of Adjustment of the City of Philadelphia.

*Mary Ellen Krober,* with her, *Flora Barth Wolf,* for appellants/appellee, City of Philadelphia.

*Stanley R. Krakower,* for appellant/appellee, Ashton Square Civic Association.

*Lenard L. Wolffe,* with him, *Nancy Abrams, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for appellant/appellee, Willits Woods Associates.

OPINION BY JUDGE PALLADINO, December 16, 1987:

The Zoning Board of Adjustment of the City of Philadelphia (ZBA), the City, and the Ashton Square Civic Association (Ashton) appeal an order of the Court of Common Pleas of Philadelphia County (trial court) which sustained the zoning appeal of Willits Woods Associates (Willits) as uncontested and thereby ordered the City's Department of Licenses and Inspections to issue permits to Willits for the development of a mobile

home park. For the reasons set below, we vacate and remand.

On January 2, 1986, Willits applied to the Department of Licenses and Inspections for various use permits necessary for the development of a 217-unit mobile home park on a parcel of land located adjacent to the Northeast Philadelphia Airport in northeast Philadelphia. The application was denied on grounds that a mobile home park is not a permitted use within the districts into which the parcel is zoned.

On January 31, 1986, Willits appealed the departmental denial to the ZBA contending that the Philadelphia Zoning Code's failure to specifically provide for a trailer camp district anywhere in the City constitutes an unconstitutional *de jure* exclusion. Willits argued that it is entitled to develop a mobile home park on the proposed site as a remedy for the Zoning Code's constitutional deficiency.

The ZBA conducted three days of hearings on Willits' appeal. During these hearings, various protestants of the mobile home park, including Ashton, challenged the ZBA's jurisdiction to decide the constitutional exclusionary zoning issue. By letter dated August 27, 1986, the ZBA denied Willits' appeal for the reason that mobile home parks were prohibited on the land parcel as zoned. With regard to Willits' *de jure* exclusionary zoning challenge, the ZBA stated that as an administrative agency established under the Philadelphia Home Rule Charter, it did not have the authority to determine the constitutional validity of the Zoning Code.

Willits filed an appeal from the ZBA decision with the trial court on September 3, 1986. According to Rule 146 (VII)(B) of the Philadelphia Local Rules of Civil Procedure, the ZBA was required to transmit the certified record to the trial court within 40 days after receipt of the Notice of Appeal. For reasons not apparent in the

record, however, the ZBA failed to transmit the record within the allotted forty days.

On November 6, 1986, although the record had yet to be transmitted, Willits filed a brief with the trial court on the merits of the appeal. Rather than filing an answer brief, however, the ZBA filed a motion to strike Willits' brief as premature, or, in the alternative, for a stay of proceedings pending transmission of the record.

On December 16, 1986, Ashton, who was not yet a party to the appeal, filed a Stipulation of Intervention pursuant to Section 14-1806(3) of the Philadelphia Code. However, the trial court did not at that time act upon Ashton's stipulation.[1]

On January 16, 1987, without ruling on either the ZBA's motion to strike or Ashton's Stipulation for Intervention, the trial court granted Willits' appeal *as uncontested* and ordered the Department of Licenses and Inspections to issue the necessary permits. This order was filed on January 27, 1987. One day later, January 28, 1987, the trial court approved Ashton's Stipulation for Intervention, such approval being docketed February 4, 1987.

On February 6, 1987, the ZBA filed a motion for reconsideration. The trial court responded on February 14, 1987 with an order stating "that the Order of this Court dated January 16, 1987, is hereby VACATED in order to permit the Court to consider Appellee's Motion for Reconsideration." The trial court thereafter granted oral argument. On March 4, 1987, the City filed a petition for leave to intervene, and on March 10, 1987, two days prior to oral argument, the City transmitted the certified record to the trial court. The record contained

---

[1] Ashton contends that it is customary for a trial court to grant intervenor status to the motioning party within a few days of the filing of a Stipulation of Intervention, a stipulation signed by counsel for all parties, designating their approval for intervention.

exhibits, a transcript of testimony, findings of fact and conclusions of law on the part of the ZBA.

Finally, on April 14, 1987, the trial court, in an opinion relying on Philadelphia Local Rules 140(I) and 146, issued an order reinstating its prior order of January 16, 1987. In addition, however, the trial court granted the City's petition for leave to intervene. On May 11, 1987, the City, the ZBA,[2] and Ashton filed a joint appeal of the trial court's April 14 order with this court.[3]

---

[2] We note that it is well established in Pennsylvania law that a zoning hearing board does not have standing to appeal a final order of a court of common pleas to an appellate court. *See Zoning Hearing Board of Derry Township v. Dove,* 69 Pa. Commonwealth Ct. 486, 451 A.2d 812 (1982). Accordingly, we shall consider the contentions of the City and Ashton only.

[3] Although the issue was not raised by Willits, there is some question as to whether the joint appeal of the City, the ZBA and Ashton was timely filed. The trial court's order of January 16, 1987 was entered on January 27, 1987, and any appeal to this court, of course, must be filed within 30 days of entry. The 30 day appeal period will be tolled, however, if the trial court expressly grants a party's motion for reconsideration. *See* Pa. R.A.P. 1701(b)(3). In construing this Rule, the Superior Court has stated:

> [W]hile Pa. R. App. P. 1701(b)(3) requires only that the trial court issue an order 'expressly granting' reconsideration, the trial court does have the power to vacate a sentence within 30 days. Thus, *the soundest procedure for the trial court to follow, and the procedure that will avoid the sort of difficulty that has occurred in this case, is to vacate the sentence when granting reconsideration.*

*Commonwealth v. Gordon,* 329 Pa. Superior Ct. 42, 49, 477 A.2d 1342, 1345 (1984) (emphasis added).

In the case at bar, the trial court *expressly vacated* its prior order in order "to consider [the] motion for reconsideration." Subsequently, the trial court scheduled and heard oral argument at which all parties participated and vigorously argued the propriety of the trial court's disposition of Willits' appeal on procedural grounds. Under these circumstances, it is clear that the trial court, by its order of February 14, 1987 vacating its prior January 16 order, intended to reconsider its decision to grant Willits' appeal as

Both the City and Ashton contend, although on different grounds, that the trial court's action in sustaining Willits' appeal as uncontested without ruling on the exclusionary zoning issue constituted both an error of law and a violation of their constitutional right to due process of law. In order to draw a conclusion as to these contentions, we need to examine the basis upon which the trial court, as explained in the opinion reinstating the prior order, relied in granting Willits' appeal as uncontested.

In its opinion on reconsideration, the trial court states two grounds for its decision. The first was explained by the trial court as follows:

> Philadelphia Local Rule 140 provides that an answer to a motion must be filed by an Appellee within thirty (30) days of the filing of a motion. . . . [Thus, the City] had until December 7, 1986 to file a response known as 'Appellee's Answer to Appellant's Brief.' However, the City of Philadelphia inappropriately and incorrectly filed a new Motion to Strike Appellant's brief. As a result, on January 16, 1987, this court granted Willits' motion appealing the decision of the Zoning Board as uncontested.

*Willits Woods Associates v. Zoning Board of Adjustment of the City of Philadelphia* (No. 299 September Term 1986, filed April 27, 1987), slip op. at 2-3.

---

uncontested. Thus, the February 14 order was the functional equivalent of an express grant of a motion for reconsideration; the fact that the trial court subsequently declined after reconsideration to alter the January 16 order is, of course, irrelevant. Therefore, we conclude that the trial court's February 14, 1987 order satisfied the requirements of Rule 1701(b)(3). Accordingly, the 30 day period for appeal to this court began to run anew on April 14, 1987 and the joint appeal of the City, the ZBA and Ashton was timely.

With regard to this issue, we note initially that the City, or any other non-moving party, is not required to file any brief at all. To the contrary, Philadelphia Local Rule 146 governing administrative agency appeals, states in pertinent part:

> VIII.  Motion List. Briefs:
>
> A.  The appeal must be placed on the Motion Court Argument by filing a brief in accord with Pa. R.C.P. No. 140 no later than thirty (30) days after receipt of the record by the Prothonotary. The appellee or any other party *may* file an answering brief within twenty (20) days in accord with Phila. R.C.P. 140. (Emphasis added.)

The Rule clearly gives the non-moving party the option of filing a brief on the merits and does not mandate it.

More importantly, the trial court erred in failing to review the constitutional issue regardless of the City's failure to file an answer brief. In *Civil Service Commission of the City of Philadelphia v. Farrell*, 99 Pa. Commonwealth Ct. 631, 513 A.2d 1123 (1986), this court was similarly presented with a default judgment entered by a trial court for failure of the appellee to file a timely brief. In reversing the trial court, we stated:

> Before the common pleas court, . . . the moving party had an affirmative duty to prosecute the appeal. Even a total failure by the commission to file a brief, or to appear for argument, . . . would not have eliminated that affirmative duty. . . . [W]here an appellee fails to file a brief within the time prescribed, the appeal is not decided by default as is the case with respect to such a failure by the moving party. . . .

*Id.* at 633, 513 A.2d at 1125. The above-quoted language can never be more relevant and applicable than in a case where a fundamental constitutional question is at issue. Willits appealed to the trial court on the

grounds that the Philadelphia Zoning Code is *de jure* unconstitutionally exclusionary. The failure of the City to file an answer brief in no way abdicates the trial court's responsibility to properly consider the merits of such a significant issue, nor does it eliminate the affirmative duty of Willits to go forward with its burden of proving the constitutional invalidity of the Philadelphia Zoning Code.[4] Therefore, in sustaining Willits' appeal as uncontested, the trial court offended the City's due process right to meritorious review of the constitutional issue which was fundamental to the ZBA's prior determination. Moreover, the trial court erred as a matter of law in granting an appeal as uncontested where the appellant has the affirmative burden of proof.

Finally, on page four of its opinion, the trial court explains the second and underlying basis for its decision:

> [T]he [ZBA] transmitted the record to the City and the City delayed the transmission of the Record to [Willits] but this information has already been available from the staff at the Zoning Board of Adjustment. This court will not tolerate such a deliberate circumvention of the Appellate process or allow delay without merit but will construe the rules strictly. . . . It is to the dismay of this court that this case was decided by a procedural error of the Appellee, however, Pennsylvania local and state rules of civil procedure must be enforced otherwise attorneys will be abusive.

*Willits Woods Associates v. Zoning Board of Adjustment of the City of Philadelphia* (No. 299 September Term 1986, filed April 27, 1987), slip op. at 4.

---

[4] A zoning ordinance is presumed constitutional, and anyone challenging it bears a heavy burden of proving its invalidity. *Miller & Sons Paving, Inc. v. Wrightstown Township*, 499 Pa. 80, 451 A.2d 1002 (1982).

It is undisputed in this case that the ZBA and the City combined in failing to transmit the record of proceedings until March 10, 1987, a full 188 days after Willits filed its appeal with the trial court. This court recognizes the seriousness of the delay on the part of the ZBA and the City. Nonetheless, as we stated in a similar context in *Crossley Appeal,* 60 Pa. Commonwealth Ct. 351, 356-57, 432 A.2d 263, 265 (1981):

> [W]e do not condone the Board's delay in certifying its record. . . . We do note, however, that Appellant was not without remedy. At an earlier stage he could have filed an action in mandamus to compel the Board to certify its record; for this Court has stated that the purpose of the maximum delay provisions . . . is to form the basis for an action in mandamus to compel the performance of official duties.

Having concluded that the trial court erred in granting Willits' appeal as uncontested, and since the question of the constitutionality of the Philadelphia Zoning Code with regard to mobile home parks was properly submitted to the ZBA, we now remand this matter to the trial court for a determination on the constitutional issue. *See Sorbara v. City of Pittsburgh,* 80 Pa. Commonwealth Ct. 425, 471 A.2d 927 (1984).[5]

ORDER

AND NOW, December 16, 1987, the January 16, 1987 order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is vacated and the case is remanded to the trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[5] Because we hold that the trial court erred with regard to the City, we need not consider the question of whether the trial court in addition violated Ashton's due process rights.