551 A.2d 405

Philadelphia Zoning Board of Adjustment and City of Philadelphia, Appellants *v.* University City Housing Co., Appellee.

Argued June 16, 1988, before Judges BARRY and McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Carl Oxholm, III*, with him, *Rosalie M. Leonard,* Chief Assistant City Solicitor, for appellants.

*Michael Sklaroff*, with him, *Dean Jerrehian, Ballard, Spahr, Andrews & Ingersoll*, for appellee.

OPINION BY JUDGE MCGINLEY, December 16, 1988:

The City of Philadelphia (City) and the Zoning Board of Adjustment of the City of Philadelphia (Board) appeal the order of the Court of Common Pleas of Philadelphia County (common pleas court) granting the appeal of University City Housing Company (University) due to the failure of the Board to file its certified record in violation of Philadelphia Rule 146(VII)(B) of the Philadelphia Local Rules of Civil Procedure. We vacate and remand.

University is in the business of leasing housing to undergraduate and graduate students in the vicinity of the University of Pennsylvania in Philadelphia. On July 15, 1985, University filed an application for a use permit for the property located at 301 S. 40th Street, Philadelphia, an R-10 Residential District, to accommodate nine people. On August 22, 1985, the application was denied by the Department of Licenses and Inspections on the grounds that certain dimensional requirements regarding the side and rear yard were not met.[1] On

---

[1] Section 14-211(2) of the Philadelphia Zoning Code addresses area regulations to include:

> (f) Side Yards and Courts. When side yards or courts are used or required, except inner courts and open courts between the wings of the same building, which are governed by the provisions of §14-231(1), they shall have the following minimum widths:

> . . .

> (2) Multiple dwellings and buildings other than dwellings, eight feet.

> . . .

> (h) Rear yard areas.

> . . .

> (3) Multiple dwellings shall have a minimum rear yard area of 344 square feet, and shall have an additional 100 square feet of rear yard area for each additional family more than three families.

September 19, 1985, University filed an appeal with the Board and after a hearing the Board denied the requested variance. On December 2, 1985, University filed a timely notice of appeal with the common pleas court. According to Rule 146(VII)(B) of the Philadelphia Local Rules of Civil Procedure, the Board was required to transmit the certified record to the common pleas court within 40 days after receipt of the Notice of Appeal. The Board failed to transmit the record within the allotted 40 days. A mandatory status conference was scheduled with a Judge assigned from the common pleas court. The first conference was held on June 17, 1987 and the common pleas court, with the agreement of the parties, listed the case as "Must Be Disposed Of".[2] However, on August 26, 1987, the Board had not submitted its findings of fact and conclusions of law and University's appeal was granted because of the Board's failure to produce the certified record, including the Board's findings of fact and conclusions of law. The City filed a "Praecipe to Intervene" on August 26, 1987 after the common pleas court granted University's appeal. On September 8, 1987, the common pleas court entered a general order allowing the City to intervene as of right as an Appellee in all appeals from the Board pending before the Philadelphia Court of Common Pleas. This order, although not issued as a result of the City's Praecipe to Intervene, was entered within the 30 day appeal period for this case. The City and the Board filed a peti-

---

[2] Hearing Transcript, June 17, 1987, (H.T.) at 4-5. The Board disagrees with University as to the nature and result of this status conference. The Board alleges that after the initial conference it was understood that University's appeal was scheduled for a status call on August 26, 1987. University alleges that it was also ordered and agreed to by the parties that the Board's Findings of Fact and Conclusions of Law would be filed in advance of August 26, 1987; and the common pleas court listed the case as "Must Be Disposed Of". H.T. at 5.

tion for reconsideration on September 8, 1987, which was denied by the common pleas court on September 9, 1987. This appeal followed.

The issues before us are, firstly, whether the City has properly intervened[3] and is a proper party on appeal from the common pleas court's review of the Board's decision, and secondly, whether the common pleas court erred in granting University's appeal.

University argues that the City did not intervene in compliance with Section 1009 of the Pennsylvania Municipalities Planning Code (MPC)[4] and the Pennsylvania Rules of Civil Procedure Nos. 2328-2329.[5] The City

---

[3] As to the issue of standing concerning the Board, the long-settled rule is that a zoning board has no standing to appeal a final order of a court of common pleas to an appellate court. *Zoning Hearing Board of Derry Township v. Dove*, 69 Pa. Commonwealth Ct. 486, 451 A.2d 812 (1982). Accordingly, we shall consider the contentions of the City and University only.

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11009. Section 1009 of MPC provides:

> Within the thirty days first following the filing of a zoning appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Rules of Civil Procedure.

[5] Sections 2328 and 2329 of Pa. R.C.P. provide:
Rule 2328. Petition to Intervene.

> (a) Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. . . .

contends that University had notice of the City's participation by reason of the city's Petition for Reconsideration and Motion to Vacate filed in connection with and in response to the entry of the common pleas court's order. The City argues that University failed to challenge its participation before the common pleas court and that such a failure precludes University from challenging the City's participation in the appeal to this Court. The City also argues that the common pleas court's order of September 8, 1987, established that the City could intervene in all pending appeals.

In *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981), we held that a municipality has standing to bring a zoning appeal to this Court only if it properly became a party before the common pleas court, as an appellant or an intervenor. The MPC empowers "[c]ities of the second class A and the third class, boroughs, incorporated towns, townships of the first and second including those within a county of the second class and counties of the second class A through eight classes, individually or jointly, to plan their development and to govern the same by zoning . . . providing for the establishment of . . . zoning boards, authorizing them to hold . . . public hearings, providing for . . . appeals to court. . . ."[6] It is evident that the MPC is not applicable to the City which is a city of the first class and Section 1009 of the MPC cannot be used to govern the proper

Rule 2329. Action of Court on Petition.

    Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention. . . .

[6] *See Historical Note* to Section 101 of the MPC, 53 P.S. §10101.

procedure for intervention. Further, the Pennsylvania Rules of Civil Procedure are not applicable to statutory appeals unless there is some statutory language creating the substantive right or a local rule. *Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association,* 97 Pa. Commonwealth Ct. 391, 509 A.2d 958 (1986). To support its position, University refers to our decisions in *Gilbert, Dove* and *DeMeno v. Zoning Hearing Board of Plymouth Township,* 82 Pa. Commonwealth Ct. 334, 474 A.2d 1180 (1984) where we determined whether the respective municipalities had properly intervened. In these cases the proper procedure for intervention was governed by the MPC and the local rules of civil procedure which incorporated the pertinent Pennsylvania Rules of Civil Procedure.

A review of the record reveals that the only provision applicable to intervention is found in Section 14-1806(3) of the Philadelphia Zoning Code, Appeals to the Courts. Section 14-1806(3) of the Philadelphia Zoning Code provides: "[T]he Court may permit any person or persons claiming an interest to assert his' or their right by intervention." The Philadelphia Local Rules of Civil Procedure[7] do not provide a procedure for intervention on appeal to the common pleas court from a zoning board decision unless the party entered an appearance before the Board. Nonetheless, the City filed a praecipe to intervene. The common pleas court, because of the backlog of zoning appeals, gave the City oral permission to intervene.[8] When the Prothonotary refused to accept

---

[7] Rule 320D of the Philadelphia Civil Rules of Procedure now provides: "Any party having entered an appearance in the proceedings before the Zoning Board may intervene as of right by filing a Praecipe to Intervene within thirty (30) days of service of the date of the notice of appeal. A copy of such Praecipe shall immediately be served on all parties."

[8] Letter from Carl Oxholm III, Divisional Deputy, of the City of Philadelphia to John J. Pettit, Prothonotary, Court of Common Pleas. Reproduced Record at 20.

the City's praecipe to intervene without an order, the common pleas court issued a general order allowing the City to intervene as a matter of right in all zoning appeals before the common pleas court. Therefore, once the City sought intervention, the common pleas court, because of judicial economy and because it still had jurisdiction of this zoning appeal, granted intervention pursuant to the authority granted under Section 14-1806 of the Philadelphia Zoning Code. Accordingly, we hold that the City properly intervened and has standing to bring the present appeal before this Court.

As to the second issue, the City argues that the common pleas court's action in sustaining University's appeal constituted both an error of law and a violation of the City's constitutional right to due process of law.

While we acknowledge that the Board's failure to transmit a record of the proceedings until December 2, 1987, is a serious delay, our decision in the case of *Zoning Board of Adjustment v. Willets Woods Association*, 112 Pa. Commonwealth Ct. 24, 534 A.2d 862 (1987), is controlling. In *Willets Woods Association*, the zoning hearing board delayed transmitting its record of proceedings for 188 days after Willets filed its appeal with the common pleas court. In *Willets Woods Association*, we relied on our holding in *Crossley Appeal*, 60 Pa. Commonwealth Ct. 351, 356-57, 432 A.2d 263, 265 (1981) where we concluded:

> [W]e do not condone the Board's delay in certifying its record. . . . We do note, however, that Appellant was not without remedy. At an earlier stage he could have filed an action in mandamus to compel the Board to certify its record; for this Court has stated that the purpose of the maximum delay provisions . . . is to form the basis for an action in mandamus to compel the performance of official duties.

We therefore conclude that the common pleas court erred in granting University's appeal.

Accordingly, we vacate the common pleas court's decision and remand for proceedings on the zoning issues.

## ORDER

NOW, December 16, 1988, the order of the Court of Common Pleas of Philadelphia County, at No. 4666 December Term 1985, dated August 26, 1987, is hereby vacated and remanded for proceedings on the zoning issues.

Jurisdiction relinquished.

Judge MACPHAIL did not participate in the decision in this case.