Joseph BARRON, George A. Yaeger, Leonard F. Knobbs and James Kenney, Appellants,

v.

CITY OF PHILADELPHIA; William J. Green, Mayor; W.W. Goode and Lewis S. Taylor.

Commonwealth Court of Pennsylvania.

Argued May 15, 2000.
Decided June 29, 2000.

Kurt E. Clawson, Norristown, for appellants.

Nancy B.G. Lassen, Philadelphia, for appellees.

Before COLINS, J., FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Joseph Barron (Appellant), proceeding on behalf of all individual appellants, appeals the July 27, 1999 order of the Court of Common Pleas of Philadelphia (trial court) denying a petition requesting extraordinary relief filed by Appellant and other individuals. We affirm.

In 1980, Appellant and other individuals belonging to Firefighters' Union Local 22 (collectively Firefighters) filed an equity action with the trial court against the City of Philadelphia (City) and related parties (collectively Appellees). The Firefighters challenged the City's withholding of union dues and fees from their paychecks despite

alleged individual written withdrawals of authorization. In 1984, for reasons not of record, the trial court noted on the docket that the case was settled. In 1990, the Firefighters petitioned the trial court to strike this notation, contending that it was erroneously entered. On March 25, 1991, the trial court entered an order denying the petition. The Firefighters, within thirty days of that order, filed a request for reconsideration with the trial court but did not file an appeal with this Court. On April 16, 1991, also within the thirty-day period of the order, the trial court entered a second order that stated in relevant part: "[U]pon consideration of Plaintiff's Petition for Reconsideration of the Court's Order of March 21, 1991, it is hereby ORDERED and DECREED that Plaintiff's Request for Reconsideration is granted. The Court shall reconsider its Order of March 21, 1991. All proceedings are stayed until further Order of this Court."

Thereafter, the official trial court docket notes sporadic activity, including a listing for trial in 1995, a notation that the case was closed in 1998, and a notation some months later that the previous notation was made in error and that the case was active. No order regarding the 1991 grant of reconsideration was ever entered until the present order from which Appellant has appealed.

In 1998, the Firefighters filed a petition for extraordinary relief to have stricken the 1984 notation that the case was settled. Following argument of counsel, the trial court, by order dated July 27, 1999, denied the Firefighters' petition. In an accompanying opinion, the trial court noted that the trial court's April 16, 1991 order granting reconsideration did not "expressly grant reconsideration" for purposes of satisfying Rule 1701(b)(3)(ii) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1701(b)(3)(ii) [1], because the order did not also "vacate" the order to be reconsidered. Thus, the trial court concluded that it had lost jurisdiction over the March

21, 1991 order by not "expressly granting reconsideration" within thirty days after its entry. The trial court further opined, in the alternative, that "if an appellate court believes the order of April 16, 1991 granting reconsideration is sufficient to satisfy Pa. R.A.P. 1701(b)(3)(ii) and to vest jurisdiction in the court," it would affirm its March 21, 1991 for the reasons set forth in the accompanying opinion to that order. Trial Court Opinion, pp. 7–8. That opinion stated that the Firefighters had numerous opportunities to examine the docket between 1984 and the time of the filing of their 1990 petition, that the petition was therefore untimely filed, that the Firefighters offered no reasons for the delay, and that Appellees would be unduly prejudiced by reviving the case after so long a delay.

■ This appeal followed. Our scope of review of a decision by a court of common pleas is limited to a determination of whether the court abused its discretion or committed an error of law or whether constitutional rights were violated. *Long v. Thomas,* 152 Pa.Cmwlth. 416, 619 A.2d 394 (1992), *petition for allowance of appeal denied,* 535 Pa. 641, 631 A.2d 1012 (1993). Appellant argues that the trial court erred by determining that its order of April 16, 1991 did not "expressly" grant reconsideration of the March 21, 1991 order and more specifically argues that Pa. R.A.P. 1701(b)(3)(ii) does not require that the court direct that its previous order be vacated when expressly granting reconsideration of the order. Appellant also argues that the trial court erred by denying its request to strike the 1984 notation that the case was settled without holding a hearing regarding how this disputed notation came into existence or otherwise making pertinent findings of fact concerning the matter.

We cannot disagree with Appellant that Pa. R.A.P. 1701(b)(3)(ii) does not require that a court specifically direct that its prior

---

1. We shall discuss this rule and its applicability at a later point in this opinion.

order is vacated when entering a timely order expressly granting reconsideration. At most, we have approved language of the Pennsylvania Superior Court that "the *soundest procedure* for the trial court to follow, and the procedure that will avoid the sort of difficulty that has occurred in this case, is to vacate the [order] when granting reconsideration." *Zoning Board of Adjustment of the City of Philadelphia v. Willits Woods Assoc.,* 112 Pa.Cmwlth. 24, 534 A.2d 862, 864 n. 3 (1987) (quoting *Commonwealth v. Gordon,* 329 Pa.Super. 42, 477 A.2d 1342, 1345 (1984)) (emphasis added).

Rule 1701 addresses the effect upon a trial court or a governmental agency when a party files an appeal or petition for review from an order. In general, once an appeal is taken, the trial court is prohibited from proceeding further in the matter. Pa. R.A.P. 1701(a). The rule lists several exceptions, however. One exception permits the trial court or governmental agency to grant reconsideration of its order if (1) an application requesting such relief is filed within the time prescribed by law, and (2) an order "expressly granting reconsideration" is filed within such applicable period. Pa. R.A.P. 1701(b)(3).

In the present case, however, no appeal was ever taken from the trial court's March 21, 1991 order refusing to strike the 1984 notation that the case was settled. Therefore, Rule 1701 does not, strictly speaking, apply. *See* 2 Darlington, McKeon, Schuckers and Brown, *Pennsylvania Appellate Practice* § 1701:22. The order "granting reconsideration" must therefore be reviewed pursuant to the provisions of Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505. That section provides, generally, that "a court upon notice to the parties may modify or rescind any order within thirty days after its entry...if no appeal from such order has been taken or allowed." A court may enter an order indicating that it will recon-

sider its prior order pursuant to the provisions of Section 5505. *See Barbour v. Department of Transportation, Bureau of Driver Licensing,* 701 A.2d 990 (Pa. Cmwlth.1997), *reversed on other grounds,* 557 Pa. 189, 732 A.2d 1157 (1999); *In re Upset Price Tax Sale,* 150 Pa.Cmwlth. 191, 615 A.2d 870 (1992). Thus, we must first determine whether the trial court's April 16, 1991 order effectively granted reconsideration of the March 21, 1991 order and whether it therefore tolled the applicable appeal period of the March 21, 1991 order.

■ There is no dispute that the April 16, 1991 order was filed within thirty days of the March 21, 1991 order, and therefore the trial court had jurisdiction to enter such an order pursuant to 42 Pa.C.S. § 5505. Further, it is abundantly apparent on the face of the order that the trial court "expressly" granted reconsideration of the March 21, 1991 order by its April 16, 1991 order. Our case law has not established that an effective grant of reconsideration requires a court to expressly state that the order under reconsideration has been "vacated." On the contrary, we have held that when a trial court has, within the permitted time period, vacated a prior order "to consider the motion for reconsideration," the trial court's action constituted the functional equivalent of an express grant of reconsideration. *Willits Woods Associates,* 534 A.2d at 864 n. 3. Rule 1701, from which we may derive guidance for the situation before us[2], provides that a "timely order granting reconsideration...shall render inoperative any...notice of appeal or petition for review...." Pa. R.A.P. 1701(b)(3). Thus, when a court enters an order expressly granting reconsideration, it would follow that the order under reconsideration is effectively vacated, permitting the court to retain jurisdiction.

■ A timely order expressly granting reconsideration tolls the appeal period of

---

**2.** *See Murkey v. Corbin,* 115 Pa.Cmwlth. 258, 539 A.2d 964 (1988), *petition for allowance of* appeal denied, 520 Pa. 621, 554 A.2d 512 (1988).

the order under reconsideration. *Scripture Union v. Deitch*, 109 Pa.Cmwlth. 272, 531 A.2d 64 (1987). The time for appeal begins to run again once the court or government agency enters a new order following its reconsideration of the merits of the original order. *Suburban/Bustleton Pharmacy, Inc. v. Department of Aging*, 134 Pa.Cmwlth. 71, 579 A.2d 426 (1990). Here, the trial court granted reconsideration, but apparently failed to reconsider the matter until the Firefighters moved for extraordinary relief in 1998. Appellees argue, among other things, that Appellant's appeal is barred by laches because of his failure to timely pursue the trial court's inactivity, waiting seven years to once more seek relief regarding the alleged incorrect entry into the docket that the case was settled. The trial court made no findings of fact regarding the defense of laches, however; therefore, we have no basis upon which to explore this argument. Nevertheless, we feel that the present appeal should be denied on the record as it exists.

■ The record indicates that the trial court refused the Firefighters' request to strike from the docket the 1984 notation that the case was settled. The trial court then entered a timely order expressly granting the Firefighters' request for reconsideration. For eight years, as determined from the docket, the trial court failed to reconsider the original order. In 1999, however, the trial court denied the Firefighters' request for extraordinary relief. As an alternative ground in support of its order, the trial court held that it would reinstate the March 21, 1991 order on the grounds originally stated at the time. We therefore conclude that Appellant received reconsideration of the March 21, 1991 order, the disposition of which was set forth in the opinion accompanying the trial court's order of July 27, 1999. Appellant timely appealed that order, denying reconsideration, and the merits of the March 21, 1991 order are now before us.

On March 21, 1991, the trial court concluded that the docket should not be altered or amended because the Firefighters had numerous opportunities to examine the docket between 1984 and the time of the filing of their 1990 petition, that the petition was therefore untimely filed, that the Firefighters offered no reasons for the delay, and that Appellees would be unduly prejudiced by reviving the case after so long a delay. Appellant does not address any of the trial court's findings or conclusions. Rather, Appellant simply argues that the trial court, in 1999, erred by failing to hold an evidentiary hearing on the issue of the propriety of the 1984 docket notation that the case was settled, contending that the only issue is whether the notation was made in error. Appellant, however, offers no reasons why the trial court's March 21, 1991 opinion, concluding that the Firefighters' request for relief was untimely and prejudicial to Appellees, was in error or an abuse of discretion.

Accordingly, the order of the trial court must be affirmed.

*ORDER*

AND NOW, this 29th day of June, 2000, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.