IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chris Pfaff,
               Appellant

      v.                       :  No. 30 C.D. 2022

Terry Heimbach, Thomas Little,
and Cooper Township      :  Submitted: May 19, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                                  FILED: August 17, 2023

Appellant Chris Pfaff (Appellant), *pro se*,[1] appeals three orders issued by the Court of Common Pleas of the 26th Judicial District – Montour County Branch (Common Pleas), each of which related to Appellant's challenge to the legality of Cooper Township (Township) Ordinance No. 2020-0730. Through those orders, Common Pleas respectively sustained Appellees Terry Heimbach, Thomas Little, and the Township's (collectively, Appellees) joint preliminary objections and dismissed Appellant's Amended Complaint; denied Appellant's motion for reconsideration and overruled his objections to Appellees' motion to dismiss; and denied Appellant's additional motions for reconsideration, granted Appellees' motion to dismiss, and dismissed Appellant's "Amended Complaint Against [sic]

---

[1] As we have remarked in the past, though an individual may certainly decline to engage the services of a lawyer in a matter such as this one, "any layperson choosing to represent [themselves] in a legal proceeding must, to some reasonable extent, assume the risk that [their] lack of expertise and legal training will prove [their] undoing." *Groch v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 286, 288 (Pa. Cmwlth. 1984).

with Petition Raising Objections to Ordinance No. 2020-0730 of Cooper Township, Montour County, Pennsylvania, and for Other Judgments and Penalties as the Court Advises" (Amended Complaint) with prejudice. We affirm in part and vacate and remand in part.

## I. Background

Appellant is a member of the Township's three-person Board of Supervisors (Board). Reproduced Record (R.R.) at 74-75.[2] On July 30, 2020, the Board's two other members, who are two of the named appellees in this matter, voted in favor of approving Ordinance No. 2020-0730. *See id.* at 76. This Ordinance had the effect of vacating portions of two public roads in the Township. *See id.*

Thereafter, on August 31, 2020, Appellant filed what he called a "Petition Raising Objections to Ordinance No. 2020-0730 of Cooper Township, Montour County, Pennsylvania, and for Other Judgments and Penalties as the Court Advises" (Complaint) in Common Pleas. In response, Appellees filed preliminary objections thereto on September 30, 2020. On November 30, 2020, Appellant filed a "Request for Leave of the Court to Amend," which Common Pleas granted on December 9, 2020. *Id.* at 68. In doing so, Common Pleas directed Appellant to file his Amended Complaint within seven days. *Id.* Appellant complied with Common Pleas' directive by filing his Amended Complaint the following day. Therein, he asserted that the Board's approval of Ordinance No. 2020-0730 violated multiple provisions of The

---

[2] Appellant has failed to comply with the Rules of Appellate Procedure's technical requirements regarding how a reproduced record's pages must be numbered. *See* Pa. R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures[,] . . . thus 1, 2, 3, etc., followed . . . by a small a, thus 1a, 2a, 3a, etc."). For simplicity's sake, however, we will nevertheless cite to the Reproduced Record by using the page designations provided by Appellant.

Second Class Township Code[3] and the Sunshine Act.[4] *Id.* at 75-87. Accordingly, Appellant requested that Common Pleas rule that Ordinance No. 2020-0730 was invalid, impose monetary penalties against the Board's other supervisors, award him costs, and grant any other relief Common Pleas believed was justified under the circumstances. *Id.* at 87-89.

Appellees then filed preliminary objections to the Amended Complaint on December 30, 2020. In doing so, Appellees asserted that Appellant had failed to state a legally viable Sunshine Act-based claim in his Amended Complaint, as well as that he had improperly joined the Township as a defendant to his action. *Id.* at 178-80. On those bases, Appellees requested that Common Pleas dismiss the Amended Complaint with prejudice. *Id.* at 181. Appellant responded in opposition on January 13, 2021, through a motion to dismiss Appellees' preliminary objections to his Amended Complaint. *Id.* at 98-113. Common Pleas then held oral argument regarding the preliminary objections on March 18, 2021, and subsequently issued an order on May 3, 2021, through which it sustained Appellees' preliminary objections, in full and "with prejudice." *See id.* at 7-12.

This prompted Appellant to take two additional steps at the Common Pleas level. First, on May 24, 2021, he filed a motion for reconsideration, in which he requested that Common Pleas review the arguments he had made in his January 13, 2021 motion to dismiss and then vacate its May 3, 2021 order that had sustained Appellees' preliminary objections. *Id.* at 117-24. Second, on June 2, 2021, he filed what he called a "Notice of Conditional Intent to Appeal the [Opinion and] Order of this Court [of Common Pleas of Montour County, Pennsylvania] on Preliminary

---

[3] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701.

[4] 65 Pa. C.S. §§ 701-716.

3

Objections as Previously Issued" (Conditional Notice).[5] *Id.* at 49-55. It appears that the Conditional Notice was not transmitted to this Court as a separate notice of appeal. In this Conditional Notice, Appellant stated that he had elected to submit it in order to preserve his right to appeal Common Pleas' May 3, 2021 order, and that it would "remain valid pending" Common Pleas' disposition of his motion for reconsideration, but that it would "become unnecessary" if Common Pleas granted that motion. *Id.* at 52-53. More specifically, Appellant stipulated that his "appeal will proceed upon any ruling [by Common Pleas] short of its dismissal of all of [Appellees'] Preliminary Objections with prejudice in their entirety[.]" *Id.* at 53.

On August 20, 2021, Appellees filed a motion to dismiss, in which they noted that Common Pleas had sustained their preliminary objections, and asked Common Pleas to formally dismiss the Amended Complaint. *Id.* at 191-93. Appellant then filed what he called an "Objection to [Appellees'] 'Motion to Dismiss' and Motions for the Court to Act," through which he requested that Common Pleas deny Appellees' motion to dismiss and grant his motion for reconsideration. *Id.* at 131-41. Common Pleas then held a hearing on November 18, 2021, and then issued an order that was docketed the following day, through which it denied Appellant's motion for reconsideration and granted Appellees' motion to dismiss. *Id.* at 14.

On December 3, 2021, Appellant filed what he called "Motions for Judicial Oversight to Correct Errors and for the Assignment of a Different Judge and Motions for the Court to Act[,]" which amounted to a combination of a second motion for reconsideration and a request that another judge be assigned to handle the case. *Id.*

---

[5] This Court did not add the preceding brackets, or the words contained therein; rather, we have merely reproduced, in full, the unusual name chosen by Appellant for this filing.

4

at 145-56.[6] Common Pleas then docketed another order on December 15, 2021, in which it did not rule upon Appellant's December 3, 2021 submission, but instead reiterated that it had denied Appellant's previous motion for reconsideration and granted Appellees' motion to dismiss, and formally stated that the Amended Complaint was dismissed with prejudice. *Id.* at 18. This appeal to our Court followed shortly thereafter.

## II. Discussion

Preliminarily, we must determine whether Appellant filed his appeal in a timely manner. We conclude that he did. By law, a party is required to appeal a final order within 30 days of its issuance and waives its appellate rights if it fails to do so. *See* Pa. R.A.P. 903(a); 42 Pa. C.S. § 5571(b); *Koken v. Colonial Assur. Co.*, 885 A.2d 1078, 1101 (Pa. Cmwlth. 2005). A final order is, in relevant part, one that "disposes of all claims and of all parties[.]" Pa. R.A.P. 341(b)(1).

> The timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, even by the Court on its own motion, at any stage of the proceedings. *Reading Anthracite Co. v. Rich*, . . . 577 A.2d 881 ([Pa.] 1990). An untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operation. *McKeeta v. Duquesne Sch. Dist.*, 708 A.2d 1311 (Pa. Cmwlth. 1998).

*City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005).

In this instance, Common Pleas sustained Appellees' preliminary objections to the Amended Complaint, in full and "with prejudice," through its May 3, 2021 order. R.R. at 7-12. That order was final in nature, as it "dispose[d] of all claims and

---

[6] On December 6, 2021, Common Pleas' president judge issued an order, in which he stated that this motion "shall be heard by the [j]udge who presided in this matter per appellate procedure." R.R. at 16. In other words, Appellant's request that his case be reassigned to another judge was denied.

5

of all parties[.]" Pa. R.A.P. 341(b)(1). Therefore, Appellant had until June 2, 2021, to appeal that order. Pa. R.A.P. 903(a); 42 Pa. C.S. § 5571(b). As Appellant filed his Conditional Notice on June 2, 2021, *i.e.*, the final day of the appeal window, we conclude that he consequently preserved his ability to appeal Common Pleas' May 3, 2021 order.[7]

In addition, Common Pleas lacked jurisdiction to issue its November 19, 2021 and December 15, 2021 orders. Once a court issues a final order, it only retains the power to modify or reconsider that order for the ensuing 30 days, *i.e.*, the temporal width of the appeal window. *See* Pa. R.A.P. 1701(b)(3)(i)-(ii); 42 Pa. C.S. § 5505; *Lichtman v. Glazer*, 111 A.3d 1225, 1229-30 (Pa. Cmwlth. 2015). In the event a court fails to expressly avail itself of this authority within the prescribed time period, it loses its power to subsequently modify or reconsider the order in question. *Lichtman*, 111 A.3d at 1229-30; *Barron v. City of Phila.*, 754 A.2d 738, 739 (Pa. Cmwlth. 2000). In this instance, both the November 19, 2021 and December 15, 2021 orders, insofar as they disposed of Appellant's two motions for reconsideration, were issued well beyond the relevant 30-day window, which closed on June 2, 2021. Common Pleas consequently should have dismissed Appellant's

---

[7] Appellees argue that the Conditional Notice amounts to an improper protective appeal, analogizing this situation to the one in *Lebanon Valley Farmers Bank v. Commonwealth of Pennsylvania*, in which our Supreme Court dispelled the belief that a victorious party must file a protective cross-appeal in order to preserve the ability to make appellate arguments in defense of that victory. 83 A.3d 107, 112-13 (Pa. 2013). *Lebanon Valley* is clearly inapposite, however, as Appellant did not prevail before Common Pleas and had to file a notice of appeal no later than June 2, 2021, to preserve his ability to challenge Common Pleas' May 3, 2021 order. Thus, the Conditional Notice was not a protective appeal of the kind at which the *Lebanon Valley* Court cast a jaundiced eye, but was instead proof that Appellant had elected to move on two tracks by both appealing the May 3, 2021 order and seeking Common Pleas' reconsideration of that order. *See* R.R. at 49-55. As such, there was, and is, nothing procedurally improper about the Conditional Notice.

motions for reconsideration for lack of jurisdiction, or not ruled upon them at all, instead of denying them on the merits.[8]

Nevertheless, we conclude that Appellant's challenge to Common Pleas' May 3, 2021 order is without merit.[9] Here, the only argument Appellant raises in his main brief is that Common Pleas erred by mistakenly ruling upon Appellees' preliminary objections to his original Complaint, despite the fact that they had been rendered moot when he filed his Amended Complaint. Appellant's Br. at 5-12.[10] This argument, however, is entirely without merit. To reiterate, Appellees asserted in their

---

[8] We also note that an order denying a motion for reconsideration is not appealable. *See Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988). Furthermore, the November 19, 2021 and December 15, 2021 orders were superfluous to the extent that Common Pleas used them to grant Appellees' motion to dismiss and to dismiss the Amended Complaint with prejudice. This is because Common Pleas, in effect, had already granted that relief through the May 3, 2021 order, which sustained Appellees' preliminary objections to the Amended Complaint.

[9]     Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Petty v. [Hosp. Serv. Ass'n of Ne. Pa.]*, 967 A.2d 439 (Pa. Cmwlth. 2009). In reviewing preliminary objections, all well[-]pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. *Id.* Such review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary. *Id.*

*Szoko v. Twp. of Wilkins*, 974 A.2d 1216, 1219 (Pa. Cmwlth. 2009).

[10] Appellees did not respond to Appellant's assertion on this point; instead, they inexplicably addressed several issues that Appellant had neglected to raise in his own brief, regarding the substantive merits of Common Pleas' orders. *See* Appellees' Br. at 14-18. Appellant then filed a reply brief, in which he, among other things, analyzed those very same issues. *See* Appellant's Reply Br. at 17-24. As Appellant did not raise those issues himself in his original brief, we deem them waived and will not review their merits. *See Filoon v. Pa. Pub. Util. Comm'n*, 648 A.2d 1339, 1342 n.2 (Pa. Cmwlth. 1994) (internal citations omitted) ("[I]n accordance with the Rules of Appellate Procedure, a reply brief may be filed in order to reply to matters raised [in an] appellee's brief [that were] not previously raised in [an] appellant's brief. [However, a] reply brief may not be used [by an appellant] as an opportunity to raise additional issues on appeal.").

7

preliminary objections to the Amended Complaint that Appellant had failed to state a legally viable Sunshine Act-based claim, as well as that he had improperly joined the Township as a defendant. R.R. at 178-80. Common Pleas then ruled upon both of those arguments via its May 3, 2021 order, and expressly stated therein that it was disposing of Appellees' December 30, 2020 preliminary objections, *i.e.*, the ones which pertained to the Amended Complaint. *Id.* at 7-12. Accordingly, Appellant's argument fails to provide a valid basis for disturbing Common Pleas' May 3, 2021 order.

### III. Conclusion

In light of the foregoing analysis, we affirm Common Pleas' May 3, 2021 order and vacate Common Pleas' November 19, 2021 and December 15, 2021 orders. In addition, we remand this matter to Common Pleas, with instructions that it dismiss Appellees' motion to dismiss as moot.[11]

_____
ELLEN CEISLER, Judge

---

[11] There is no need to remand this matter for disposition of Appellant's two motions for reconsideration, as a trial court's failure to rule upon a motion for reconsideration within the 30-day appeal window "has the effect of a denial." *Lichtman*, 111 A.3d at 1230.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chris Pfaff,
               Appellant

    v.

Terry Heimbach, Thomas Little,
and Cooper Township

:
:
:
:
:   No. 30 C.D. 2022
:
:
:
:

**O R D E R**

AND NOW, this 17th day of August, 2023, it is hereby ORDERED:

1.    The Court of Common Pleas of the 26th Judicial District – Montour County Branch's (Common Pleas) May 3, 2021 order is AFFIRMED;

2.    Common Pleas' November 19, 2021 and December 15, 2021 orders are VACATED;

3.    This matter is REMANDED to Common Pleas, with instructions that Common Pleas issue an order dismissing Appellees Terry Heimbach, Thomas Little, and Cooper Township's motion to dismiss as moot.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge