IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Gibson,                          :
                                         :
                    Appellant            :
                                         :
          v.                             : No. 60 C.D. 2024
                                         : Submitted: August 8, 2025
Kathy Brittain and Department of         :
Corrections                              :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  January 2, 2026


          Derrick Gibson (Inmate) appeals, *pro se*, from the order of the
Schuylkill County Court of Common Pleas (trial court) vacating its order granting
Inmate's motion for reconsideration of its prior order dismissing his complaint for
damages[1] that he filed against Kathy Brittain, the former Superintendent of the State
Correctional Institution at Frackville (Superintendent and SCI-Frackville,
respectively) and the Department of Corrections (DOC).  We affirm.

          On February 23, 2023, Inmate filed a complaint against DOC and the
Superintendent alleging claims of intentional infliction of emotional distress, legal

---

[1] *See, e.g.*, *Barron v. City of Philadelphia*, 754 A.2d 738, 740-41 (Pa. Cmwlth. 2000) ("A
timely order expressly granting reconsideration tolls the appeal period of the order under
reconsideration.  The time for appeal begins to run again once the court or government agency
enters a new order following its reconsideration of the merits of the original order.").

malpractice, abuse of process, and acting recklessly and negligently thereby causing him harm. Inmate claims that the Superintendent did not comply with a court order directing her to transfer him to a post-conviction relief hearing, and instead only allowed him to participate through a video conference. He also claims that confidential attorney-client conversations were recorded during this hearing. On October 23, 2023, the trial court dismissed Inmate's complaint with prejudice after he failed to properly serve the Attorney General.

On November 14, 2023, Inmate filed a motion for reconsideration in the trial court, arguing that he was not required to serve his complaint on the Attorney General, which the trial court granted. However, on November 30, 2023, DOC and the Superintendent asked the trial court to vacate its order granting reconsideration, arguing that the court had acted beyond the 30-day deadline set by Section 5505 of the Judicial Code, 42 Pa. C.S. §5505. Ultimately, on December 20, 2023, the trial court vacated its order granting reconsideration, and Inmate filed the instant appeal of the trial court's order.

On April 15, 2024, the trial court ordered Inmate to submit a concise statement of errors complained of on appeal (Concise Statement) within 21 days pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(b)(1). To date, Inmate has not filed a Concise Statement in the trial court, and has not sought leave to file a Concise Statement *nunc pro tunc*.

Instead, on April 16, 2024, Inmate filed an application in the trial court and in this Court for emergency relief, alleging that he did not have access to legal papers as a result of transferring prisons, and that his papers were either lost or destroyed. Accordingly, the instant appeal was temporarily stayed; however, this Court ultimately issued the following order:

2

NOW, October 9, 2024, upon review of [Inmate's] "Status Report Update," in which he expresses a willingness to proceed in this matter, the stay is VACATED. To the extent that [Inmate] requests an order directing that certain personal property be shipped to him from SCI-Pine Grove at [DOC's] expense, the request is DENIED.

Upon review of the original record and the trial court's "Opinion of Court Pursuant to Pa.R.A.P. 1925," it appears that [Inmate] failed to comply with the trial court's order to file a [Concise Statement].

The parties shall address whether [Inmate] waived all issues on appeal in their principal briefs on the merits or in an appropriate motion. *See* Pa.R.A.P. 1925(b)(4). *See Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005); *Commonwealth v. Schofield*, 888 A.2d 771 (Pa. 2005).[2]

10/9/24 Order.

Pa.R.A.P. 1925(b) sets forth the requirements for a Concise Statement. When an appeal is filed, the trial court may enter an order directing the appellant to

---

[2] As the Pennsylvania Supreme Court has explained:

> The issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary. *Stapas v. Giant Eagle*, [198 A.3d 1033, 1037 (Pa.] 2018). As a general matter, it is axiomatic that issues not raised in lower courts are waived for purposes of appellate review, and they cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). This is because, as our Court has oft reminded, "issue preservation is foundational to proper appellate review." *In re F.C. III*, [2 A.3d 1201, 1211 (Pa.] 2010). Requiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity. *Id.* at 1212. It also promotes the orderly and efficient use of judicial resources, ensures fundamental fairness to the parties, and accounts for the expense attendant to appellate litigation. *Id.*

*Trigg v. Children's Hospital of Pittsburgh of UPMC*, 229 A.3d 260, 269 (Pa. 2020).

file a Concise Statement when it desires "clarification of the errors complained of on appeal." Pa.R.A.P. 1925(b). The trial court must allow the appellant at least 21 days to file his Concise Statement. Pa.R.A.P. 1925(b)(2). The trial court's order must contain several specific directives, including the filing deadline and a statement that "any issue not properly included in the [Concise] Statement timely filed and served . . . shall be deemed waived." Pa.R.A.P. 1925(b)(3). Pa.R.A.P. 1925(b)(4)(vii), entitled "Requirements; waiver," contains additional requirements for Concise Statements, including the specific notice that "[i]ssues not included in the [Concise] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."

In addition, Pa.R.A.P. 1925(b)(2) expressly empowers a **_trial court_** to grant _nunc pro tunc_ relief for Concise Statements where it perceives a breakdown in the process that constitutes extraordinary circumstances, stating:

> The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [Concise] Statement. **_Upon application of the appellant and for good cause shown_**, the judge may enlarge the time period initially specified or permit an amended or supplemental [Concise] Statement to be filed. Good cause includes, **_but is not limited to_**, delay in the production of a transcript necessary to develop the [Concise] Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. **_In extraordinary circumstances, the judge may allow for the filing of a [Concise] Statement or amended or supplemental [Concise] Statement nunc pro tunc._**

(Emphasis added).

Although Inmate alleges a "lack of access" to his "legal papers" as a basis for failing to file a Concise Statement, _see_ Inmate's Brief at 7-8, he has simply

4

failed to allege or assert that he has raised such a claim in the trial court, the only court empowered to grant him *nunc pro tunc* relief for "good cause shown." *See* Pa.R.A.P. 1925(b)(2). Because Inmate has never filed a Concise Statement, and has never sought leave in the trial court to file a Concise Statement *nunc pro tunc*, all appellate issues have been waived. *See* Pa.R.A.P. 1925(b)(4)(vii).

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Gibson,                :
                                 :
          Appellant    :
                                 :
          v.            :  No. 60 C.D. 2024
                                 :
Kathy Brittain and Department of   :
Corrections                :

# **O R D E R**

AND NOW, this 2nd day of January, 2026, the order of the Schuylkill County Court of Common Pleas entered December 20, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge