J-S39011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :        PENNSYLVANIA
                   Appellee   :
                              :
              v.              :
                              :
JAMAL JONES                   :
                              :
                  Appellant   :          No. 1989 EDA 2018

Appeal from the Judgment of Sentence May 14, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000591-2016

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:           **FILED AUGUST 28, 2019**

Appellant, Jamal Jones, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his *nolo contendere* plea to attempted murder and persons not to possess firearms.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  Procedurally, we add Appellant timely filed a post-sentence motion on May 24, 2018, which the court denied on June 4, 2018.  Appellant timely filed a notice of appeal on July 3, 2018.  On July 16, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal

_____

[1] 18 Pa.C.S.A. §§ 901(a) and 6105(a)(1), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

under Pa.R.A.P. 1925(b); Appellant complied on July 27, 2018.

Appellant raises two issues for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS PRE-SENTENCE *NOLO CONTENDERE* PLEA, WHERE THE MOTION TO WITHDRAW A GUILTY PLEA AND OR *NOLO CONTENDERE* PLEA PRIOR TO SENTENCING IS TO BE LIBERALLY GRANTED FOR ANY FAIR AND JUST REASON, APPELLANT ASSERTED FAIR AND JUST REASON OF HIS INNOCENCE, AND THE COMMONWEALTH WOULD NOT BE SUBSTANTIALLY PREJUDICED?

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A MANIFESTLY EXCESSIVE SENTENCE ABOVE THE APPLICABLE AGGRAVATED GUIDELINE RANGE, WHICH DID NOT TAKE INTO ACCOUNT APPELLANT'S STRIDES TOWARD REHABILITATION WHILE INCARCERATED, THEREBY VIOLATING THE FUNDAMENTAL NORMS OF SENTENCING AND THE SENTENCING CODE?

(Appellant's Brief at 4).

Review of the denial of a pre-sentence motion to withdraw a *nolo contendere* plea implicates the following:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a [*nolo contendere* plea]:

>> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the

- 2 -

Commonwealth.

> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, [704,] 115 A.3d 1284, 1285, 1291–92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013)[, *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014)].

***Commonwealth v. Davis***, 191 A.3d 883, 888-90 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 200 A.3d 2 (2019).

Also, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d

788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Under Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Timika Lane, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed January 11, 2019, at 2-8) (finding: **(1)** Appellant presented implausible, bare assertion of innocence wholly undermined by Commonwealth's considerable evidence against him; facts set forth at plea hearing showed that during cookout with at least 15 people, fight broke out; when Appellant arrived on scene, he brandished silver automatic handgun and fired four shots into crowd; four eyewitnesses identified Appellant as shooter; this compelling evidence of Appellant's guilt rendered his claim of innocence implausible; Appellant presented no facts to support his claim of innocence; instead, Appellant made only blanket claim that witnesses were biased against him, without any support for that assertion; court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw his plea; **(2)** court properly weighed nature and circumstances of offense, facts upon which convictions were based, Appellant's observable characteristics and efforts toward rehabilitation, and sentencing guidelines; nature of Appellant's actions was particularly disturbing and demonstrated his callous disregard for human life; court imposed mitigated sentence, below recommended standard guidelines (given Appellant's prior record score coupled with offense gravity scores), acknowledging that Appellant had

accepted responsibility and had made notable efforts at rehabilitation; court did not abuse sentencing discretion). Accordingly, we affirm based on the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/19

**FILED**

2019 JAN 11 PM 3: 26

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION**

COMMONWEALTH OF PENNSYLVANIA  :  CP-51-CR-0000591-2016
:
v.  :
:
JAMAL JONES  :  1989 EDA 2018



CP-51-CR-0000591-2016 Comm. v. Jones, Jamal
Opinion

**OPINION**

Lane, J.                                                                 January 11, 2019

## OVERVIEW AND PROCEDURAL HISTORY

On July 12, 2017, Jamal Jones ("the Appellant") entered plea of *nolo contendere* on the charges of Criminal Attempt–Murder, 18 Pa.C.S.A. § 901 §§ A; and Prohibited Possession of a Firearm ("VUFA 6105"), 18 Pa.C.S.A § 6105 §§ A1. On September 1, 2017, the Appellant filed a presentence motion to withdraw his plea of *nolo contendere*, which this court denied on April 9, 2018. On, May 14, 2018, the Appellant was sentenced to twelve to twenty-four years of incarceration for attempted murder—followed by a consecutive eight years of reporting probation for his conviction under VUFA 6105. The Appellant filed a timely Notice of Appeal on July 3, 2018. On July 27, 2018, the Appellant filed a Statement of Errors Complained of on Appeal, raising the following issues:

1. Whether "the trial court abused its discretion in denying Appellant's motion to withdraw his pre-sentence *nolo contendere* plea, where the motion to withdraw a guilty plea and or *nolo contendere* plea prior to sentencing is to be liberally granted for any fair and just reason, Appellant asserted fair and just reason of his innocence, and the Commonwealth would not be substantially prejudiced?"

2. Whether "the trial court abused its discretion in imposing a manifestly excessive sentence, above the applicable aggravated guideline range, which did not take into account Appellant's strides toward rehabilitation while incarcerated, thereby violating the fundamental norms of sentencing and the sentencing code?"

## FACTS

On May 25, 2015, around 8:16 p.m., several people were attending a family cookout at 1918 East Monmouth Street. (N.T. 07/12/2017 at 8.). Around this time, two family members began to argue at the opposite end of the block, near 1946–48 E. Manmouth Street. (*Id.*). As the argument escalated, a few additional family members moved towards the end of the block to see what was happening. (*Id.*). At some point, one of the attendees called the Appellant to the area where the argument was taking place. (*Id.* at 8–9.). When the Appellant arrived at the scene, he pulled out a forty-caliber, silver automatic handgun and fired it into the crowd, primarily in the direction of the two men who started the argument. (*Id.*). The Appellant fired a total of four shots, striking one victim, Robert McCaskill, in the back. (*Id.* at 9.). The bullet entered Mr. McCaskill's back and traveled through his chest cavity. (*Id.* at 9–10.). Mr. McCaskill was immediately rushed to Temple University Hospital, where he was intubated and held for the remainder of the week. (*Id.* at 9.). Police recovered four fired cartridge casings from the scene and determined that each casing was fired from the same gun. (*Id.* at 10.). Additionally, an eyewitness, Terrell Trapp, identified the Appellant as the individual who shot in his direction and who shot Mr. McCaskill. (*Id.*). Another eyewitness, Malika Trapp, also identified the Appellant as the individual who shot at her son, Terrell Trapp. (*Id.*).

## DISCUSSION

I.   **The trial court did not abuse its discretion in denying the Appellant's motion to withdraw his plea of *nolo contendere*.**

At any time before the imposition of sentence, this court may permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty. Pa. R. Crim. 591(A). In the case at bar, the Appellant entered a *nolo contendere* plea. However, it is well established that a plea of *nolo contendere* is treated as

2

a guilty plea in terms of its effect upon a given case. *Commonwealth v. V.G.*, 9 A.3d 222, 226 (Pa. Super. 2010).

A defendant has "no absolute right to withdraw a guilty plea." *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009). Nevertheless, before a sentence is imposed, a defendant should be permitted to withdraw his plea for "any fair and just reason," provided there is no substantial prejudice to the Commonwealth. *Id.* However, a bare assertion of innocence is not, *per se*, a sufficient reason to grant a presentence motion to withdraw a guilty plea. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015). Rather, a defendant's claim of innocence "must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* at 1292. More specifically,

> [T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292.

Recently, in *Commonwealth v. Williams*, the Superior Court applied *Carrasquillo* and held that, because the defendant did not present plausible claim of innocence, the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. *Commonwealth v. Williams*, 2018 PA Super 300, 2018 WL 5668251, at *3 (Pa. Super. Nov. 1, 2018). During the hearing on his motion to withdraw, the defendant claimed that he repeatedly lied under oath during his plea colloquy. *Id.* The defendant stated that, contrary to his statements made during the colloquy, he remembered the night in question and that he did not actually rape the victim. *Id.* However, the defendant's claims directly contradicted the compelling evidence presented by the Commonwealth; specifically, the defendant's DNA matched the DNA samples taken from the

3

victim's rape kit. *Id.* Thus, the Superior Court found that he did not present a plausible claim of innocence, and "the bizarre statements made . . . in association with his declaration of innocence wholly undermined its plausibility, particularly in light of the Commonwealth's strong evidence supporting guilt." *Id.*

Conversely in *Commonwealth v. Islas*, the Superior Court found that the defendant did present a plausible claim of innocence. 156 A.3d 1185, 1191 (Pa. Super. 2017). The defendant, Islas, was charged with three counts of indecent assault. *Id.* at 1187. Three days before trial, Islas pled guilty to one count of indecent assault. *Id.* During the hearing on his motion to withdraw, Islas testified that: he did not commit the alleged crimes; he maintained his innocence when he was initially interviewed by law enforcement; if the crime occurred as alleged, the other parties who were present would have witnessed the alleged conduct; the victim had a motive to fabricate the charges; and that he was of good character, had no criminal record, and had never received a similar complaint in the many years he spent working in his field. *Id.* at 1191. The defendant further testified that his new counsel explained to him, as prior counsel had not, his available defenses, including his ability to call character witnesses on his behalf. *Id.* Based on these facts, the Superior Court concluded that the defendant presented a colorable claim of innocence and a "fair and just" reason for the withdrawal of his plea. *Id.*

In the case at bar, the Appellant has presented an implausible, bare assertion of innocence—an assertion wholly undermined by the considerable evidence presented against him. Here, during the Appellant's *nolo contendere* colloquy, the following facts were read into evidence: On May 25, 2015, around 8:16 p.m., there were "at least fifteen" people enjoying a family cookout at 1918 East Monmouth Street. (N.T. 07/12/2017 at 8.). Around this time, two family members began to argue at the opposite end of the block, near 1946–48 E. Manmouth Street. (*Id.*). As the argument

4

escalated, a few additional family members walked towards the end of the block to see what was going on. (*Id.*). When the Appellant arrived at the scene, he pulled out a "silver automatic handgun" and fired four shots into the crowd, striking one victim in the back. (*Id.* at 8–9.). The victim was immediately rushed to Temple University Hospital, where he was intubated and held for the remainder of the week. (*Id.* at 9.). Finally, four eyewitnesses identified the Appellant as the individual who fired into the crowd (N.T. 07/12/2017 at 10; 05/14/2018 at 18).

Here, there is such compelling evidence of the Appellant's guilt that his claim of innocence is highly implausible. Further, the Appellant has not presented any facts that support his assertion of innocence. Unlike the appellant in *Islas*, the Appellant in the case at bar has merely made a blanket assertion that the witnesses against him are biased. (N.T. 04/09/2018 at 4). He claims that the witnesses are "out to frame him," without pointing to any facts that support this theory or explain the witnesses' possible motives for doing so. (*Id.* at 4). The case at bar is also distinguishable from *Islas* because there were multiple eyewitnesses in the instant case who observed the alleged conduct and identified the Appellant as the shooter. (N.T. 05/14/2018 at 18).

Thus, due to the significant evidence supporting the Appellant's guilt and the Appellant's failure to present a plausible claim of innocence, it is clear that this court neither erred nor abused its discretion in denying the Appellant's motion to withdraw his plea of *nolo contendere*.

II.  **The trial court did not err or abuse its discretion in sentencing the Appellant to twelve to twenty-four years of incarceration, followed by an eight-year probation tail.**

A sentencing court is in the "best position to measure factors such as the nature of the crime, defendant's character, the defendant's display of remorse, defiance, or indifference," and is therefore given broad deference. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012). A sentence must be within the statutory limits and should require confinement that is consistent with

the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Commonwealth. v. Corson*, 444 A.2d 170, 172 (Pa. Super. 1982) (internal citations omitted).

If the sentence imposed is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Id.* An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the appellant can establish, by reference to the record, that the sentencing court exercised its judgment for reasons of partiality, prejudice, bias, or ill-will. *Commonwealth. v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013). Reasonableness of the sentence imposed by the trial court is based on: (1) the nature and circumstances of the offence and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9781(d).

In the case at bar, this court did not err in imposing its sentence of twelve to twenty-four years of incarceration—followed by a consecutive eight years of reporting probation. This court properly weighed the nature and circumstances of the offense, the facts upon which the conviction was based, the defendant's observable characteristics and efforts toward rehabilitation, and the Commission on Sentencing's suggested guidelines.

First, the nature of Appellant's actions is particularly disturbing and demonstrates the Appellant's callous disregard for human life. The Appellant fired four shots directly into a crowd of people, knowing that his victims could be seriously injured or killed. (N.T. 07/12/2017 at 9.). His actions were especially shocking, as many of the people in the crowd were the Appellant's long-term neighbors and acquaintances. (N.T. 05/14/2018 at 18). Further, the Appellant's actions resulted in serious bodily injury; one of the bullets struck a victim, Mr. McCaskill, in the back and

6

tore through his chest cavity. (N.T. 07/12/2017 at 9–10.). The injuries required the victim to be rushed to the hospital, intubated, and held for the remainder of the week. (*Id.* at 9.). Although each victim survived the incident, the Appellant's actions could have resulted in several serious injuries or fatalities—a fact that this court critically considered when imposing its sentence. Nonetheless, this court imposed a mitigated sentence, acknowledging that the Appellant accepted responsibility and made notable efforts towards rehabilitation. Specifically, this court stated:

> I did take into consideration the things that you said today, the programs that you've enrolled in prison, and I think that you are on your way. I think that this is still a process. . . . my reasoning for this [mitigation] are as I stated. All the programming that you have done in prison and the compelling argument that I've heard and the defense argument, as well as the changes that I see are starting to come and that you did plead no contest and that you started to accept responsibility for this.

(N.T. 05/14/2017 at 27–28).

This court also considered the guidelines put forth by the Commission on Sentencing. For his conviction of attempted murder, Appellant was sentenced to twelve to twenty-four years of incarceration—followed by a consecutive eight years of reporting probation for his conviction under VUFA 6105. (N.T. 05/14/2018 at 27). The Appellant has a prior record score of four. Attempted murder with serious bodily injury has an offense gravity score of fourteen, and a VUFA 6105 violation has an offense gravity score of ten. (*Id.* at 5–6, 16). The applicable Commission on Sentencing guidelines recommend "15½–31 years with a 186 statutory limit" for attempted murder with serious bodily injury. (*Id.* at 16). For violations under VUFA 6105, the guidelines recommend 48–60 months, plus or minus twelve. (*Id.* at 17). Thus, it would have been well within this court's discretion to sentence the Appellant to a minimum of twenty years and six months of incarceration. However, this court sentenced the Appellant to twelve to twenty-four years of incarceration, followed by a consecutive eight years of reporting probation, acknowledging that the Appellant showed remorse, accepted responsibility, and made meaningful efforts toward rehabilitation. (N.T.

7

05/14/2017 at 27–28). Finally, this court considered the rehabilitative needs of the Appellant and ordered that the Appellant undergo anger management and job training. (*Id.*). Thus, it is clear that the Appellant's sentence is not "manifestly excessive," and this court neither erred nor abused its discretion.

8

## CONCLUSION

After reading the applicable statutes, case laws, and rules, the trial court has neither erred nor abused its discretion. Accordingly, the trial court's decision should be affirmed.

BY THE COURT:

**Lane, J.**

9

*Commonwealth v. Jamal Jones*            CP-51-CR-0000591-2016

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Defense Counsel:      Earl Raynor
                           234 N. Peach Street
                           Philadelphia, PA 19139

Type of Service: (x) First Class Mail ( ) Certified ( ) Personal Service

District Attorney:      Larry Goode, Esquire
                           Chief, Appeals Unit
                           Philadelphia District Attorney's Office
                           Three South Penn Square
                           Philadelphia, PA 19107-3499

Type of Service: (x) First Class Mail ( ) Certified ( ) Personal Service

Date: January 11, 2019

Jessica Stachelrodt
Law Clerk to the Honorable Timika Lane